MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
Andrew D. Skale (211096)
Kara M. Cormier (*pro hac vice forthcoming*)
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: (858) 314-1500
Facsimile: (858) 314-1501

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL A. ROSEN, INC., d/b/a CREDIT REPAIR CLOUD<br><br>Plaintiff,<br><br>v.<br><br>LORENZO RODRIGUEZ, an individual, and LMR INTERNATIONAL, INC., d/b/a CREDIT MONEY MACHINE,<br><br>Defendants. | Case No. '20CV2509 JLS  NLS<br><br>**COMPLAINT FOR:**<br><br>**1) TRADEMARK INFRINGEMENT;**<br>**2) FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER THE LANHAM ACT;**<br>**3) TORTIOUS INTERFERENCE**<br>**4) COMMON LAW UNFAIR COMPETITION AND CAL. BUS. & PROF. CODE § 17200; AND**<br>**5) UNJUST ENRICHMENT**<br><br>**JURY DEMANDED** |

Plaintiff Daniel A. Rosen, Inc. d/b/a Credit Repair Cloud ("Credit Repair Cloud"), by its attorneys, for its Complaint against defendants Lorenzo Rodriguez ("Rodriguez") and LMR International, Inc., d/b/a Credit Money Machine ("Credit Money Machine") (collectively, "Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*; violation of the California Business & Prof. Code, § 17200 et seq., and tortious interference and unjust enrichment under California common law. Plaintiff seeks equitable relief and damages for Defendants' unauthorized use of a mark that is confusingly similar to Plaintiff's

incontestable trademark, for Defendants' intentional interference with Plaintiff's customer relationships, and for Defendants' unjust enrichment at Plaintiff's expense.

2. This Court has original jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 with respect to plaintiff's claims arising under the laws of the State of California.

3. Venue and personal jurisdiction over Defendants are proper under 28 U.S.C. § 1391(b)(3) and because Defendants engage in business and promote their services under their infringing mark in this District. Further, Defendants have engaged in intentionally tortious conduct expressly aimed at Credit Repair Cloud in this State and, upon information and belief, in this District. Credit Repair Cloud is a California corporation and Defendants' conduct, set forth below, has and will continue to cause Credit Repair Cloud significant damage here.

## THE PARTIES

4. Plaintiff Credit Repair Cloud is a corporation organized and existing under the laws of California, having its principal place of business at 12517 Venice Blvd., Los Angeles, CA 90066.

5. Defendant Rodriguez is an individual residing at 1304 Dream Valley St., Henderson, NV 89052.

6. Defendant Credit Money Machine is a Florida corporation having its principal place of business at 1304 Dream Valley St., Henderson, NV 89052.

## CREDIT REPAIR CLOUD'S TRADEMARKS

7. Daniel A. Rosen, Inc. provides innovative products for establishing credit repair businesses that help clients with their credit. As a credit repair industry leader, Credit Repair Cloud offers software to scale a credit repair business, including a client portal, an automated credit repair dispute letter process, and simple audits.

8. Credit Repair Cloud owns the federal trademark registration for the word mark CREDIT REPAIR CLOUD (Reg. No. 6,161,690) and the incontestable trademark registration for the word/design mark CREDITREPAIRCLOUD (Reg. No. 4,623,985):

![CreditRepair Cloud]

(collectively, the "Credit Repair Cloud Marks"). True copies of the cited registrations for the Credit Repair Cloud Marks from the United States Patent and Trademark Office are attached as Exhibit A.

9. Plaintiff has spent more than a million dollars advertising and promoting the Credit Repair Cloud Marks and its products to become the leader in its industry.

## DEFENDANTS' UNLAWFUL ACTS

10. Defendant Rodriguez owns and operates Defendant Credit Money Machine.

11. Credit Money Machine sells desktop and cloud based credit repair software that directly competes with Credit Repair Cloud's products and services.

12. Defendants have marketed several products bearing marks that infringe the Credit Repair Cloud Marks, including at least Credit Money Machine Cloud and Credit Cloud Lite.

13. Images used by Defendants showing the infringing products are shown below:




3

14. Defendants marketed the infringing products utilizing infringing domains including: https://www.creditmoneymachinecloud.com/, https://creditmoneymachine.com/products/credit-money-machine-cloud/features/, and www.creditcloudlite.com.

15. These websites contained numerous instances of infringement of the Credit Repair Cloud Marks, including, for example:

https://www.creditmoneymachinecloud.com/

Credit Money Machine Cloud is the only One-Click "Done-For-You" Credit Repair Software that, not only extracts all derogatories automatically, but at the same time, assigns the letters and the dispute reasons. Unbelievable!

Credit Money Machine Cloud is the most automated credit repair software in the industry.

https://creditmoneymachine.com/products/credit-money-machine-cloud/features/

CREDIT MONEY MACHINE CLOUD – FEATURES & BENEFITS

CMM Cloud is an excellent CRM (aka Contact Management Software) as well and thus, it has, for example, a full-featured calendar that includes recurrent tasks, meeting, phone calls, links to contacts, etc.

https://creditcloudlite.com/

WHAT HAPPENS WHEN YOU UPGRADE FROM ANOTHER SOFTWARE TO CREDIT CLOUD LITE?

Essentially, you will experiment a new kind of speed, your business will be automated, your work time will be reduced, you'll get more features, so more bang for you buck, and most importantly, you will relax when you use Credit Cloud Lite since it's the easiest software that you'd ever used.

CREDIT CLOUD LITE IS THE FASTEST WEB-BASED CREDIT REPAIR SOFTWARE FEATURING UNLIMITED CLIENTS, UNLIMITED AFFILIATES, UNLIMITED SPACE, AUTOMATIC EXTRACTION FROM PRIVACY GIARD, AUTOMATIC ASSIGNING OF LETTERS AND DISPUTE REASONS, SUPER-CALENDAR, TEMPLATE MANAGER, INTEGRATED INSTANT MESSENGER, PRIVATE DATABASE FOR UTMOST SECURITY, ETC. ALL THIS AND MORE FOR ONLY $79.97 (LIMITED TIME OFFER)

https://gr.pinterest.com/lorenzo0042/credit-money-machine-cloud/?autologin=true



**Credit Money Machine Cloud** …

Lorenzo Rodriguez

16. That these products are designed for those looking to start a credit repair business, just like Plaintiff, further renders Defendants marks confusingly similar to Credit Repair Cloud's protected marks.

17. Defendants' use of these infringing marks is unauthorized.

18. Defendants' acts are misleading consumers into believing that Defendants' Credit Money Machine Cloud and Credit Cloud Lite are associated with, sponsored by, or affiliated with Credit Repair Cloud, when it is not.

19. Credit Repair Cloud sent Defendants a cease and desist letter concerning Credit Money Machine Cloud on July 23, 2020.

20. In response, Defendants agreed to change the name of the product to Credit Money Machine Web and to change the domain name to creditmoneymachineweb.com.

21. Defendants also elected to put the following disclaimer on the Credit Money Machine Web website:

> Additionally, our program Credit Money Machine Web is a derivative of our main product Credit Money Machine which is the first credit repair software developed for the credit repair industry registered on February 2004, and it is not related and should not be confused, in any way, shape or form with the Credit Repair Cloud software, and that we have no relationship with Daniel A. Rosen, Inc or any of its products or services. The word cloud when used as well as the word web expresses that the program is in-the-cloud. All trademarks used, if any, belong to their respective owners.

22. This "disclaimer" is itself an infringement of the Credit Repair Cloud Marks.

23. Defendants at no point informed Credit Repair Cloud that they were marketing a second infringing product called Credit Cloud Lite on another infringing domain.

24. Moreover, while Credit Repair Cloud was negotiating a settlement with Credit Money Machine, it discovered that Defendants were targeting Credit Repair Cloud's customers as soon as they launched their websites and that Defendants were harassing them with numerous unsolicited emails and phone calls.

25. Upon information and belief, Defendants employed bots, tools, and research analysts to detect when Credit Repair Cloud customers set up their new websites and then scraped the customer's personal information either from the site or from WhoIs data.

26. Credit Repair Cloud's customers did not give Defendants permission to scrape their personal information.

27. Credit Repair Cloud's customers did not give Defendants permission to harass them with emails and phone calls using the addresses and phone numbers that Defendants improperly collected.

28. Moreover, despite promising to cease use of the infringing Credit Money Machine Cloud name, Defendants continued to utilize the infringing product name in these harassing emails and phone calls to known Credit Repair Cloud customers.

29. In addition to engaging in continued trademark infringement, Defendants also made false and misleading representations concerning both Credit Repair Cloud's products and services and Defendants' own products and services to Credit Repair Cloud customers.

30. Since Credit Repair Cloud was launched, Defendants have sent potentially hundreds of thousands of marketing emails containing these ongoing infringements and violations to as many Credit Repair Cloud customers as they had contact information.

31. Examples of Defendants' communications are shown below:

 

32. Defendants knew that these Credit Repair Cloud customers either already had subscription services with Credit Repair Cloud, or were testing out their services on a trial basis prior to making a subscription purchase.

33. Defendants' conduct is intentionally aimed at disrupting the business and contractual relationships between Credit Repair Cloud and its customers.

34. Defendants are also intentionally profiting off of Credit Repair Cloud's substantial investment in advertising by attempting to poach customers without expending any effort to find those interested in such services since Credit Repair Cloud had already done so.

35. Defendants also confirm that these customers have an ongoing relationship with Credit Repair Cloud when they get them on the phone.

36. Many Credit Repair Cloud customers have complained about the harassment and some have even expressed a concern that Defendants had "hacked" Credit Repair Cloud's system to obtain their personal contact information.

7

37. Others have expressed confusion as to whether the harassing communications were being made by Credit Repair Cloud itself, given Defendants' use of confusingly similar marks.

38. In short, Defendants have full knowledge that they are contacting Credit Repair Cloud's customers, that those customers have an ongoing business and contractual relationship with Credit Repair Cloud, and that Defendants' actions are causing confusion in the marketplace.

## INJURY TO CREDIT REPAIR CLOUD

39. Defendants' actions have actually caused disruption in Credit Repair Cloud's business and contractual relations with its customers.

40. Defendants' actions have caused Credit Repair Cloud's customers to question the security of the Credit Repair Cloud platform.

41. Credit Repair Cloud has lost customer relationships as a result of Defendants' wrongful actions.

42. Defendants' promotion of the infringing products and services is likely to and has caused consumers to be confused and deceived into mistakenly believing that a connection, affiliation, sponsorship, or association exists between plaintiff Credit Repair Cloud and Credit Money Machine.

43. Indeed, as discussed above, many of Credit Repair Cloud's customers have expressed actual confusion as to the sponsorship of Credit Money Machine by Credit Repair Cloud.

44. Defendants' promotion of the infringing products and services also misappropriates the considerable capital and resources that went into creating the Credit Repair Cloud brand and advertising as well as the corresponding significant and valuable goodwill that Credit Repair Cloud has worked to establish therein.

45. Credit Repair Cloud is being, and will continue to be, irreparably injured and harmed by Defendants' unlawful conduct.

46. Credit Repair Cloud has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

47. Credit Repair Cloud repeats and realleges the allegations set forth in the paragraphs of this Complaint herein.

8

48. Defendants have used in commerce marks that infringe the Credit Repair Cloud Marks in connection with the sale, offering for sale, distribution, and advertising of Defendants' goods and services.

49. Defendants' actions are also likely to cause and have caused confusion, mistake and deception as to the origin, sponsorship or approval of Defendants' products or commercial activities, and thus constitute trademark infringement with respect to the Credit Repair Cloud Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

50. Defendants had actual knowledge of the Credit Repair Cloud Marks because Credit Repair Cloud is Defendants' largest competitor.

51. Defendants also had actual knowledge of the Credit Repair Cloud Marks at least after the July 23, 2020 cease and desist letter.

52. Nevertheless, Defendants have persisted in their infringing conduct, rendering such conduct knowing and willful.

53. As a direct and proximate result of Defendants' willful actions, conduct, and practices, Credit Repair Cloud has been damaged and will continue to suffer irreparable harm.

### SECOND CLAIM FOR RELIEF
### FALSE DESIGNATION OF ORIGIN
### AND UNFAIR COMPETITION (15 U.S.C. § 1125(A))

54. Credit Repair Cloud repeats and realleges the allegations set forth in the paragraphs of this Complaint herein.

55. Defendants' actions are likely to cause confusion, mistake and deception as to the origin, sponsorship or approval of Defendants' products, services or commercial activities, and thus constitute false designation of origin, passing off, and unfair competition with respect to the Credit Repair Cloud marks, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

56. Defendants' false and misleading representations concerning both Credit Repair Cloud and Defendants' own products and services in commercial advertising and promotion also constitute false advertising in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

57. Defendants' use of the infringing mark and other actions alleged herein, constitute proscribed acts of unfair competition.

58. The harm of such unfair competition outweighs its utility, has the effect of confusing and deceiving consumers, and trades off the goodwill of Credit Repair Cloud.

59. On information and belief, such unfair competition was designed specifically to, and willfully does, maximize the likelihood of confusion.

60. As a direct and proximate result of Defendants' willful actions, Credit Repair Cloud has suffered resulting damages and Defendants have enjoyed resulting profits from the confusion, in an amount to be established upon proof at trial.

61. Credit Repair Cloud is entitled to damages, and further entitled to an accounting of infringing profits as unjust enrichment, for willfulness or for deterrence.

62. If Defendants' wrongful conduct is not enjoined, Credit Repair Cloud will continue to suffer irreparable harm.

**THIRD CLAIM FOR RELIEF**
**TORTIOUS INTERFERENCE WITH CUSTOMER CONTRACTS**

63. Credit Repair Cloud repeats and realleges the allegations set forth in the preceding paragraphs of this Complaint.

64. Credit Repair Cloud has valid and existing contracts with its customers.

65. Defendants have knowledge of these contracts with particular customers by virtue of their research and otherwise.

66. Defendants intentionally, willfully, and through wrongful means sought to disrupt Credit Repair Cloud's customer subscriptions and to unfairly profit off of Credit Repair Cloud's substantial investment in advertising.

67. Defendants have caused actual breach or disruption in these customer contracts.

68. Defendants' actions were directed at converting Credit Repair Cloud's competitive advantage for their own purposes.

69. As a direct and proximate result of Defendants' willful actions, conduct, and practices, Credit Repair Cloud has been damaged and will continue to suffer irreparable harm.

## FOURTH CLAIM FOR RELIEF
## TORTIOUS INFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

70. Credit Repair Cloud repeats and realleges the allegations set forth in the preceding paragraphs of this Complaint.

71. Credit Repair Cloud has existing economic relationships with certain customers that contain the possibility of future economic benefit.

72. Indeed, Credit Repair Cloud offers potential customers the opportunity to utilize the services it provides on a trial basis. Credit Repair Cloud tracks the conversion rate of these customers and historically, a significant portion of these customers convert to paid subscriptions.

73. Defendants know that these potential customers are working with Credit Repair Cloud by virtue of their research and otherwise.

74. Defendants intentionally, willfully, and through wrongful means sought to disrupt Credit Repair Cloud's economic relationship with these customers and to unfairly profit off of Credit Repair Cloud's substantial investment in advertising.

75. Defendants have actually caused disruption of many of these economic relationships.

76. Although some of these customers eventually return to Credit Repair Cloud after finding Defendants' services inferior, many do not.

77. Defendants' actions were directed at converting Credit Repair Cloud's competitive advantage for their own purposes.

78. As a direct and proximate result of Defendants' willful actions, conduct, and practices, Credit Repair Cloud has been damaged and will continue to suffer irreparable harm.

## FIFTH CLAIM FOR RELIEF
## UNFAIR COMPETITION UNDER COMMON LAW
## AND CAL. BUS. & PROF. CODE (§ 17200 ET SEQ.)

79. Credit Repair Cloud repeats and realleges the allegations set forth in the preceding paragraphs of this Complaint.

11

80. Each of Defendants' acts and omissions alleged herein, including trademark infringement, false advertising, tortious interference, unfair competition, and unjust enrichment harms Plaintiff and constitutes unlawful, unfair, or fraudulent business acts or practices, unfair, deceptive, untrue, or misleading advertising, and/or false advertising within the meaning of Section 17200 et seq. of the California Business and Professions Code and under the common law.

81. Defendants have engaged in unfair competition by the acts alleged herein.

82. Defendants' acts and omissions alleged herein constitute unfair business practices because the harm of these business practices outweighs the utility, if any, of these business practices, and are unscrupulous and injurious to consumers.

83. Defendants' acts and omissions alleged herein constitute fraudulent business practices because consumers are likely to be deceived.

84. Defendants' acts and omissions alleged herein constitute unlawful business practices because Defendants' conduct is forbidden by multiple laws, including but not limited to 15 U.S.C. §1125(a), as well as the common laws, laws of the State of California and laws of the United States.

85. Defendants have engaged in these activities willfully and consciously.

86. Defendants' activities have caused and will continue to cause damage to Credit Repair Cloud, in an amount to be determined at trial.

87. As a direct and proximate consequence of the infringement complained of herein, Plaintiff has been irreparably harmed to an extent not yet determined and will continue to be irreparably harmed by such acts in the future unless the Court enjoins Defendants from committing further acts of infringement.

**SIXTH CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**

88. Credit Repair Cloud repeats and realleges the allegations set forth in the preceding paragraphs of this Complaint.

89. Defendants' acts alleged herein constitute unjust enrichment of the Defendants at Credit Repair Cloud's expense.

12

90. Defendants have been enriched by their unauthorized utilization of Credit Repair Cloud's substantial investments in advertising, marketing, and promotion.

91. Defendants wait till Credit Repair Cloud has done all the work and made all the investment to identify and recruit customers interested in starting a credit repair business and once it has, Defendants swoop in to steal the fruits of Credit Repair Cloud's labors.

92. It would be unjust to permit Defendants to retain the fruits of their wrongdoing, at Credit Repair Cloud's expense.

93. Defendants' unjust enrichment has damaged Credit Repair Cloud in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Credit Repair Cloud requests that this Court enter judgment in its favor on each and every claim for relief set forth above, and award them relief including, but not limited to, the following:

A. A preliminary and permanent injunction enjoining Defendants and their officers, agents, employees, directors, shareholders, subsidiaries, related companies, affiliates, distributors, dealers, suppliers, and all persons in active concert or participation with any of them from (1) using the Credit Repair Cloud Marks or any designation or design so similar as to be likely to cause confusion, mistake or deception in connection with the sale of Defendants' goods and services; (2) making any false or misleading representations concerning Credit Repair Cloud or its founder Daniel A. Rosen; and (3) from intentionally and wrongfully interfering with the relationships between Credit Repair Cloud and its customers;

B. An Order requiring Defendants to transfer the following domains to Credit Repair Cloud: https://www.creditmoneymachinecloud.com/, https://creditmoneymachine.com/products/credit-money-machine-cloud/features/, and www.creditcloudlite.com;

C. An Order requiring Defendants to account for and pay to Credit Repair Cloud any and all Defendants' profits arising from the foregoing acts and trebling such profits for payment to the Plaintiff in accordance with 15 U.S.C. § 1117;

D.  An Order requiring Defendants to pay Credit Repair Cloud compensatory and/or actual damages in an amount as yet undetermined caused by the foregoing acts and trebling such damages in accordance with 15 U.S.C. § 1117;

E.  An Order requiring Defendants to pay an appropriate amount as punitive damages to deter future unlawful misconduct and to prevent future confusion or deception of the public;

F.  An Order requiring Defendants to pay Credit Repair Cloud its costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117; and

G.  Such other relief as the Court may deem appropriate.

Dated:  December 28, 2020                         Respectfully submitted,

MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.

By: */s/ Andrew D. Skale*_____
Andrew D. Skale (211096)
Kara M. Cormier (*pro hac vice forthcoming*)

Attorneys for Plaintiff

# DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues triable of right by a jury.

Dated: December 28, 2020

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

By: */s/ Andrew D. Skale*_____
Andrew D. Skale (211096)
Kara M. Cormier (pro hac vice forthcoming)

Attorneys for Plaintiff